*R. H. Field, for appellant.*

*Meyler, for appellee.*

---

J. D. LYON *v.* COMMONWEALTH.

**Criminal Law—Return of Sheriff—Impeachment.**

A return on a capias pro fine showing that the party can not be found, can not be impeached by proving aliunde, that he might have been found.

APPEAL FROM NELSON CIRCUIT COURT.

June 4, 1874.

OPINION BY JUDGE LINDSAY:

The seeming hardships growing out of the judgment in this case, do not authorize the interference of this court.

The commonwealth can act only through its agents; and its rights can not be affected by the laches of such of its agents as are entrusted with the performance of mere ministerial duties. The alleged neglect of duty to the sheriff, and the interference by the *pro tem.* attorney for the commonwealth, did not release appellant from his undertaking to have Caldwell render himself in execution of the judgment of the court.

The return on the *capias pro fine* shows that Caldwell was not found, or in other words, that he failed to surrender himself to the custody of the officer of the law. This return can not be impeached by proving *aliunde,* that he might have been found. It was his duty to render himself in execution of the judgment, and appellant undertook that he would do so.

Until Caldwell was actually taken into custody by the court or its officer, he remained in the friendly custody of appellant, and the latter was bound to see that he remained within the jurisdiction of the court.

The judgment must be affirmed.

*Russell & Averitt, for appellant.*

*Attorney-General, for appellee.*